UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA BARROW,
        -Plaintiff

        v.                              CIVIL NO. 3:11CV00828(VLB)(TPS)

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION
        -Defendant

RULING ON APPLICATION FOR ATTORNEY'S FEES

The plaintiff has filed an Application for an Award of Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $17,653.80. (Dkt. #45).  The plaintiff has also filed a Supplemental Motion for Fees. (Dkt. #52).  The Commissioner does not contest that the plaintiff is the "prevailing party."  The Commissioner also does not contend that his position was "substantially justified." However, the Commissioner argues that the hourly rates sought by the plaintiff are excessive, and the number of hours the plaintiff has billed on this case is unreasonable.

I.   HOURLY RATES

The Commissioner first challenges the hourly rates sought by plaintiff's attorney for hours billed in 2010 and 2011.  Under the EAJA, the hourly rate is capped at $125.00, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for

the proceedings involved, justifies a higher fee." 28 U.S.C. §
2412(d)(2)(A). The Commissioner quarrels with the plaintiff's use
of the All Urban Consumers Northeast Index ("northeast regional
index"), rather than the National U.S. City Average Consumer Price
Index ("national index"). Both indices are published by the
Department of Labor's Bureau of Labor Statistics.

This Court has discretion to determine what fee is
"reasonable." See Hensley v. Eckerhart, 461 U.S. 424, 433, 437
(1983). As Judge Kravitz noted in Taylor v. Astrue, No. 3:
09CV1791(MRK), 2011 WL 1752239, at *2 (D. Conn. May 9, 2011), "28
U.S.C. § 2412(d)(2)(A) does not specify how district court judges
are supposed to go about calculating 'increase[s] in the cost of
living.' The statute does not specify whether district court
judges are supposed to calculate increases in the cost of living at
the national level, or at the local level." Moreover:

> As a factual matter, "the cost of living" is different in
> different places. In addition, there is nothing
> inherently inconsistent about using a nationwide baseline
> and adjusting that baseline by reference to more
> localized figures. Particularly in light of the fact
> that determinations regarding attorney fees under the
> EAJA are generally left to the discretion of district
> court judges, see Pierce v. Underwood, 487 U.S. 552, 558
> (1988), this Court knows of no reason why a district
> court would be required to ignore potentially accurate
> and reliable information about the cost of living in
> calculating attorney fees under the EAJA.

Taylor, 2011 WL 1752239, at *2. Although Judge Kravitz found no
need to conclusively decide which of the two indices should be used
at the time, and determined that the national index was appropriate

2

in <u>Taylor</u>, Magistrate Judge Margolis subsequently used Judge Kravitz's logic in ruling that the hourly rate contained in the northeast regional index was reasonable. <u>See</u> <u>Poulin v. Astrue</u>, No. 3:10CV1930(JBA), 174 Soc. Sec. Rep. Service 10, 2012 U.S. Dist. LEXIS 9888 at *(D. Conn. Jan. 27, 2012). This Magistrate Judge concurs, and sees no reason to ignore the obvious fact that the cost of living, as noted by Judge Kravitz, is different in different places. If this were not the case, the Bureau of Labor Statistics would not publish multiple indices. Attorney fees motions under the EAJA are "generally left to the discretion" of the district court. <u>Taylor</u>, 2011 WL 1752239, at *2 (citation omitted). Accordingly, this Magistrate Judge finds that the attorney's hourly rate of $185.97 in 2011 and $189.20 in 2012, as calculated under the All Urban Consumers Northeast Index, is reasonable.

The Commissioner also contests the hourly rate of $115.00 for a paralegal who worked for one hour on the case. As the Commissioner correctly points out, Magistrate Judge Garfinkle recently rejected a request for $115.00 per hour for this same paralegal, and determined that a rate of $100.00 per hour was reasonable. <u>See</u> <u>Kiely v. Astrue</u>, No. 3:10CV1079(MRK)(WIG), 2012 WL 3727164, at *2 (D. Conn. March 30, 2012). On the other hand, the plaintiff has cited at least two cases in which the Commissioner has not contested a rate of $115.00 for this paralegal, and this

Court has approved the rate. <u>Araujo Carbonell v. Astrue</u>, No. 3:11CV447(CSH); <u>Bourey v. Astrue</u>, 3:10CV34(RNC). Again, exercising his considerable discretion, the Magistrate Judge determines that a paralegal rate of $115.00 per hour is reasonable in this case.

## II.  NUMBER OF HOURS

In her initial petition, the plaintiff seeks compensation for 93.21[1] hours for her attorney and 1 hour for her paralegal, plus $34.28 for expenses. (Dkt. #45-1 at 6). In a subsequent filing, she seeks compensation for the 12.60 hours her attorney spent on the reply to the Commissioner's opposition to the initial petition. (Dkt. #52 at 9). The Commissioner contends that the number of hours requested in the initial petition is unreasonable, and the Court should reduce the number of hours to 45.91.[2]

A fee applicant "bears the burden of . . . documenting the appropriate hours expended . . . ." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). "[I]n fee-shifting determinations, courts have discretion in deciding how much attorney time was 'reasonably expended.'" <u>Gomes v. Astrue</u>, No. 3:09CV3771, 2011 WL 1900579, at *1 (2d Cir. Apr. 29, 2011). "This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of

---

[1]Although the petition originally totaled 93.41 hours, the plaintiff subsequently indicated her agreement with the Commissioner that 0.2 hours expended on November 8, 2011 did not pertain to this civil action. See Dkt. #52 at 9.

[2]The Commissioner does not challenge the time expended by the paralegal, or the requested expenses.

the hours requested and to exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" <u>Lee v. Astrue</u>, No. 3:09CV1575(CSH)(JGM), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011)(quoting <u>Hensley</u>, 461 U.S. at 433-34.)

In support of his argument for the reduction of the compensable hours for plaintiff's attorney, the Commissioner first challenges the 30.7 hours billed for drafting the Motion and Memorandum of Law in Support of Plaintiff's Motion for Judgment. According to the Commissioner, "significant portions of the facts and argument sections of Plaintiff's brief were taken, largely verbatim, from a memorandum that she had previously prepared and submitted to the Decision Review Board at the administrative level prior to filing the instant civil action." Dkt. #46 at 8. Accordingly, the Commissioner seeks a one-third reduction, from 30.7 hours to 20.0 hours. The Magistrate Judge agrees with the plaintiff that a brief before the Decision Review Board ("DRB") "cannot be compared to a brief prepared for the federal district court. A DRB brief may provide a starting outline for a district court brief, but it is only a start. A district court brief requires more thorough preparation." Dkt. #52 at 5. A comparison of the two briefs bears out this distinction.

Nevertheless, the Magistrate Judge has carefully compared the two briefs, as well as the detailed billing statements provided by the plaintiff. By the Magistrate Judge's count, approximately 7 of

the 43 pages of the two briefs are substantially similar.  However, that calculation, in and of itself, is of little import.  All of the time entries for drafting the Memorandum of Law in Support of Plaintiff's Motion for Judgment have been itemized in such a manner as to enable a court to determine the amount of time allocated to each section of the brief.  Upon review, the Magistrate Judge is satisfied that the vast majority of time entries are appropriate, and take into account the use of substantially similar material in certain sections.  The only entries deemed excessive by the Magistrate Judge are the 2.4 hours[3] attributed to drafting the section on the vocational expert's alleged improper reliance on the Occupational Employment Quarterly (OEQ).  While the Magistrate Judge notes that the plaintiff added two relevant quotations from the record, the remainder of the section was quoted almost verbatim from the DRB brief.  The Magistrate Judge reduces the request from 2.4 hours to 1.4 hours.  Accordingly, the number of billable hours for 2011 shall be reduced by 1 hour.

    The Commissioner also seeks a three-fourths reduction of the time the plaintiff seeks for filing her forty page Opposition to Defendant's Motion to Affirm the Decision of the Commissioner (Dkt. #30).  The Commissioner filed a motion to strike the plaintiff's opposition motion, on the grounds that such opposition was actually a reply brief, and thus subject to a ten page limit under Local

---

[3] 1.50 hours on 11/18/2011 and 0.90 hours on 11/21/2011.  Dkt. #45, Ex. A at 5-6.

Rule 7(d).  However, as the Commissioner concedes, this Magistrate
Judge granted the plaintiff's motion for leave to file the forty
page memorandum.  (Dkt. #34).  Accordingly, the Commissioner's
argument that the plaintiff's memorandum was "nonconforming" is
unavailing, and no reduction is warranted.

The Commissioner next seeks a reduction for the alleged
excessive time related to preparing two of her own, and reviewing
two of the Commissioner's, motions for extension of time.  As
explained in the plaintiff's  reply brief, the Commissioner has
combined several different entries together, and then asserted that
the time spent was excessive.  For example, while the Commissioner
may be correct that the plaintiff charged 0.5 hours for time
"associated with reviewing" the Commissioner's motion for extension
of time, the attorney's detailed time entries properly account for
the time.  Importantly, only 0.1 hours was spent reviewing the
proposed motion.  The remaining 0.4 hours were spent reviewing an
e-mail from defense counsel, speaking to defense counsel on the
telephone, and reviewing the ECF notices generated by the Court.
All of these entries are compensable.  See Rivera v. Astrue, No.
3:07CV1049(SRU)(WIG), 2009 WL 2982647, at *3 (D. Conn. Jun. 18,
2009).  Upon careful review, however, the Magistrate Judge finds
that the requested time of 0.5[4] hours for drafting the October 21,

_____

[4]Although the Commissioner assigned 0.8 hours to the preparation of this
motion, the 0.3 hours that appear to be associated with tasks other than
drafting do not appear to be excessive.

2011 motion for extension of time, which was less than one page long, is excessive.  The requested time is hereby reduced from 0.5 to 0.3 hours.  Accordingly, the number of billable hours for 2011 shall be reduced by 0.2 hours.  All other entries associated with motions for extension of time are reasonable.

The Commissioner also seeks a reduction for the time spent drafting the plaintiff's EAJA petition.  At the outset, the Magistrate Judge concurs with the plaintiff that only 2.75 hours should be considered as having been allocated to the petition, rather than the 4.65 hours identified by the Commissioner.  Other judges in this district have routinely found the preparation of an EAJA petition to largely involve clerical tasks, which are not compensable under the EAJA, and reduced such requests to 2 hours or less.  See, e.g., Taylor, 2011 WL 1752239, at *3; Hosking, 2010 WL 4683917, at *2.  The Magistrate Judge agrees with this analysis, and the number of billable hours for 2012 shall be reduced by 0.75 hours.

Next, the Magistrate Judge agrees with the Commissioner that, in light of Judge Bryant's determination that the Court did not have jurisdiction over a subsequent claim at the administrative level, the plaintiff should not be compensated for time attributed to reviewing the subsequent grant of benefits and preparing a notice to the Court.  However, the time spent reviewing the Court's notice of receipt of the filing is compensable.  Thus, the number

of billable hours for 2012 shall be reduced by 0.4 hours.

Finally, the plaintiff seeks compensation for the 12.60 hours spent on her reply to the Commissioner's opposition to the initial petition.  See Dkt. #52 at 9.  The Commissioner has not objected to this request and, given the breadth and substance of the filings, the Magistrate Judge finds the amount to be reasonable.

**III.  CONCLUSION**

For the reasons set forth herein, the plaintiff's Application for an Award of Attorney's Fees and Expenses (Dkt. #45) is **GRANTED** in part and **DENIED** in part.  The Supplemental Motion for Fees (Dkt. #52) is **GRANTED**.  Fees are awarded in the amount of $17,175.86, representing 90.86 hours of work for the attorney, and one hour of work for her paralegal.[5]  The request for reimbursement of $34.28 in expenses is also **GRANTED**.  These amounts may be paid directly to the plaintiff's counsel pursuant to an assignment of EAJA fees if it is shown that the plaintiff owes no debt to the government that would be subject to offset.  See Astrue v. Ratliff, 130 S.Ct. 2521 (U.S. 2010) (holding attorney's fees awarded under the EAJA are subject to offset to satisfy claimant's pre-existing debts to the government).

---

[5]Itemization of fees awarded:

| YEAR | RATE | | HOURS | TOTAL |
|------|------|---|-------|-------|
| 2011 | $185.97 | | 40.2 | $7,475.99 |
| 2011 | $115.00 | (paralegal) | 1.0 | $  115.00 |
| 2012 | $189.20 | | 50.66 | $9,584.87 |
| | | **TOTAL:** | **91.86** | **$17,175.86** |

This is not a recommended ruling.  This is a ruling on attorney's fees and costs which is reversible pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b) (1) (A); Fed.R.Civ.P. 72 (a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this  3ʳᵈ   day of June, 2013.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**

10